DILLON, Judge, dissenting.
I find no prejudicial error in this case.
I agree with the majority that the prosecution's questioning of Defendant's girlfriend regarding Defendant's prior incarceration was error.
*326 Nevertheless, to the extent that the prosecutor crossed the line, I do not believe that error was prejudicial. There was substantial evidence that Defendant was a resident of the three-bedroom house and was involved in the drug activity occurring there. For instance, in one of the bedrooms, officers found several pounds of marijuana on top of the dresser and under the bed, Defendant's personal documents, medication bearing Defendant's name, and Defendant's personal effects, along with other evidence establishing that Defendant stayed in that room and did not have a roommate. Also, officers discovered Defendant's thumbprint on drug packaging, which was found in another part of the house. Defendant's evidence was weak in comparison, comprising mainly of testimony from Defendant's girlfriend that Defendant was not involved, much of which was contradicted by the physical evidence.
There is a remote chance that the reference to Defendant's incarceration, which was for some undisclosed reason and undisclosed period in the prior decade, could have had some impact. However, based on the evidence of Defendant's guilt in this case (among other things, the drugs in his room and his thumbprint on the drug packaging material), I do not believe that there is a reasonable possibility that the trial would have ended differently had the jury not heard the reference to Defendant's prior incarceration.